## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANGELINA SZAPOCZNIK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** <u>10-CV-2</u>344 JWL/DWB |
| | ) | |
| **v.** | ) | **Jury Trial Demand** |
| | ) | |
| **UNIVERSITY OF KANSAS** | ) | |
| **HOSPITAL AUTHORITY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES Plaintiff, Angelina Szapocznik ("Szapocznik" or "Plaintiff") by and through her attorneys of record, and brings this cause of action against defendant, University of Kansas Hospital Authority, ("KUHA" or "Defendant") pursuant to the Americans With Disabilities Act, 29 U.S.C. § 12101, *et seq.* ("ADA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

## A.  PARTIES

1.      Plaintiff Szapocznik is an adult citizen of the United States and at all times material to this action has been a resident of the State of Missouri.

2.      Plaintiff's age as of the date of this Complaint is sixty five (65).

3.      Plaintiff is a person with a disability who suffers from one or more impairments that substantially limit one or more major life activities.

4.      Plaintiff is a person with a record of a disability.

5.      Plaintiff is a person regarded by the defendant as a person with a disability.

6.     Defendant operates a medical care facility in Wyandotte County, Kansas located in the city of Kansas City, Kansas.

7.     At all times relevant to this cause, KUHA is an employer as defined by the ADA with 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8.     At all times relevant to this cause, KU Hospital is an employer as defined by the ADEA with 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.


## B.   JURISDICTION AND VENUE


9.     Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any act of Congress regulating commerce" and 28 U.S.C.§ 1331 as this matter arises under the laws of the United States and claims supplemental thereto, more specifically, Title VII.

10.    Venue is proper under 28 U.S.C. § 1391.

11.    The unlawful employment practices and all other acts that are the subject matter of this Complaint were committed in whole or part in the state of Kansas and within this judicial district.

12.    On or about January 29, 2009 Szapocznik filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 563-2009-00817) alleging discrimination on the basis of disability and age.

13.    The EEOC issued and mailed a "Dismissal and Notice of Rights" to Plaintiff dated March 25, 2010.  A true and correct copy of said *Dismissal* is attached hereto as "Exhibit A."

14.    Plaintiff received the "Notice of Rights" on March 27, 2010.

15.    This action is filed within 90 days of Plaintiffs receipt of the Dismissal and Notice of Rights Notice of Rights.

## C.  **BACKGROUND FACTS**

16.    Szapocznik was hired by KUHA in March 1999.

17.    Subsequent to March 1999, Szapocznik has been an employee of KUHA.

18.    In October 2008, Szapocznik was working for KUHA in the job classification of "Café supervisor" in the food service department.

19.    In October 2008, Szapocznik was the oldest supervisor in the food service department.

20.    On or about October 24, 2008 Szapocznik took a medical leave of absence for reasons related to her disability.

21.    While Szapocznik was on leave, her job was duties were reassigned to a substantially younger employee who did not suffer from a disability.

22.    On or about January 7, 2009 Szapocznik's leave of absence concluded.

23.    At that time, Szapocznik was informed her superiors that if she did not return to work, she would not be allowed to continue her employment with KUHA.

24.     Szapocznik returned to work on or about January 7, 2009.

25.     Upon resuming her employment, Szapocznik was subjected to a continuing series of acts of unlawful age and disability discrimination by her superiors.

26.     Examples of these discriminatory acts included but were not limited to:

a.      soliciting employees to scrutinize Szapocznik's work for errors and report any such errors to management;

b.      receiving disciplinary write-ups for occurrences that are overlooked by management when done by substantially younger employees, or employees without a disability;

c.      given attendance violations for on-the-job medical incidents that were related to her disability;

d.      being called into meetings where her job performance was harshly criticized;

e.      stating to Szapocznik on one or more occasions that because of her medical condition/disability that she may not be "up to the job;"

f.      reminding her that if her disability caused her to miss any more work, that she had no remaining leave of absence and would be subject to immediate termination; and

g.      Demoting Szapocznik to less desirable work assignments and shifts accompanied by a substantial loss of wages.

### D.  <u>COUNT I -- DISABILITY DISCRIMINATION – ADEA</u>

27.    Szapocznik repeats and alleges Paragraphs 1 through 26 above with the same force and effect as though set forth in full herein.

28.    Defendant engaged in an on-going and continuing pattern and practice of applying different and unequal terms and conditions of employment to Szapocznik because her disability.

29.    Szapocznik's disability was a determining factor in Defendant's decision to subject her to unequal terms and conditions of employment.

30.    On the basis of the facts alleged herein, Defendant engaged in unlawful disability discrimination in violation of the ADEA.

31.    As a direct and proximate result of Defendant's discriminatory treatment of Szapocznik,  has sustained injury and damage, including the loss of earnings, earnings capacity; loss of fringe and pension benefits; loss of career opportunities; mental and emotional distress including anxiety and related physical and mental symptoms; and loss of the ordinary pleasures of everyday life.

32.    Defendant's acts as described above were willful, intentional and carried out by defendant with malice and reckless indifference toward Mann's statutorily protected rights under the ADA.

### D.  <u>COUNT II – AGE DISCRIMINATION -- ADA</u>

33.     Szapocznik repeats and alleges Paragraphs 1 through 32 above with the same force and effect as though set forth in full herein.

34.     Defendant engaged in an on-going and continuing pattern and practice of applying different and unequal terms and conditions of employment to Szapocznik because her age.

35.     Szapocznik's age was a determining factor in Defendant's decision to subject her to unequal terms and conditions of employment.

36.     On the basis of the facts alleged herein, Defendant engaged in unlawful age discrimination in violation of the ADEA.

37.     As a direct and proximate result of Defendant's discriminatory treatment of Szapocznik,  has sustained injury and damage, including the loss of earnings, earnings capacity; loss of fringe and pension benefits; loss of career opportunities; mental and emotional distress including anxiety and related physical and mental symptoms; and loss of the ordinary pleasures of everyday life.

38.     Defendant's acts as described above were willful under the ADEA.


E.  **PRAYER FOR RELIEF**


WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a.      Adjudge and declare that Defendant violated ADA;

b.      Adjudge and declare that Defendant violated ADEA;

c.      Order Defendant to adjust and modify its employment practices as necessary;

6

to prevent additional violations and ensure future compliance with the ADA and the ADEA;

     d.    Compensate Plaintiff for all economic loss including, but not limited to, lost wages, earnings, employee benefits and other damages necessary to make Plaintiff whole;

     e.    Reinstate Plaintiff to the position of employment that she would have occupied with Defendant but for its unlawful discrimination against Plaintiff;

     f.    Award Plaintiff compensatory and/or punitive damages in the maximum amount authorized by the ADA;

     g.    Award Plaintiff liquidated damages as authorized by the ADEA

     h.    Award Plaintiff pre-judgment interest, and costs which include reasonable attorneys' fees; and

     i.    All other damages and equitable relief permitted by law.

## F.  DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place of trial.


## G.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action of all issues so triable as a matter of right.

Respectfully submitted:

**SANDHAUS & MANDELBAUM, LLC.**

<u>//s// *Ronald E. Sandhaus*</u>
Ronald E. Sandhaus, KS #20666
4601 College Blvd., Suite 170
Leawood, KS 66211
Tel:     (913) 906-0010
Fax:     (913) 491-6353
*rsandhaus@noflawlaw.com*