## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELINA SZAPOCZNIK,        )<br>                                                        )<br>                        Plaintiff,        )<br>                                                        )<br>v.                                                    )     **Case No. 10-CV-2344 JWL/DWB**<br>                                                        )<br>UNIVERSITY OF KANSAS HOSPITAL  )     **Jury Trial Demand**<br>AUTHORITY,                                 )<br>                                                        )<br>                        Defendant.    )<br>                                                        ) | |

## DEFENDANT UNIVERSITY OF KANSAS HOSPITAL AUTHORITY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant University of Kansas Hospital Authority ("UKHA") answers and responds to Plaintiff's Complaint as follows:

### A. PARTIES

1.      Responding to Paragraph one of Plaintiff's Complaint, UKHA admits the allegations contained therein.

2.      Responding to Paragraph two of Plaintiff's Complaint, UKHA admits the allegations contained therein.

3.      Responding to Paragraph three of Plaintiff's Complaint, this paragraph contains a legal conclusion to which a response is not required, and is vague as to when she claims to have had the "disability." To the extent a response is required, therefore, UKHA denies the allegations contained therein.

4.      Responding to Paragraph four of Plaintiff's Complaint, this paragraph contains a legal conclusion to which a response is not required, and is vague. To the extent a response is required, therefore, UKHA denies the allegations contained therein.

5. Responding to Paragraph five of Plaintiff's Complaint, this paragraph contains a legal conclusion to which a response is not required, and is vague as to time. To the extent a response is required, UKHA denies the allegations contained therein.

6. Responding to Paragraph six of Plaintiff's Complaint, UKHA admits the allegations contained therein.

7. Responding to Paragraph seven of Plaintiff's Complaint, UKHA admits the allegations contained therein.

8. Responding to Paragraph eight of Plaintiff's Complaint, UKHA admits the allegations contained therein.

## B.  JURISDICTION AND VENUE

9. Responding to Paragraph nine of Plaintiff's Complaint, UKHA admits that jurisdiction would be proper if Plaintiff would have timely filed a Charge against UKHA, which she did not.

10. Responding to Paragraph 10 of Plaintiff's Complaint, UKHA admits that venue would be proper in this Court if Plaintiff would have timely filed a Charge against UKHA.

11. Responding to Paragraph 11 of Plaintiff's Complaint, UKHA denies that any unlawful employment practices were committed by UKHA. UKHA admits that jurisdiction and venue would be proper if Plaintiff would have timely filed a Charge against UKHA.

12. Responding to Paragraph 12 of Plaintiff's Complaint, UKHA admits that Plaintiff filed the referenced Charge of Discrimination against "University of Kansas Medical Center." UKHA denies that the Charge was filed against UKHA.

13. Responding to Paragraph 13 of Plaintiff's Complaint, UKHA admits the allegations contained therein.

2752590.1

14. Responding to Paragraph 14 of Plaintiff's Complaint, UKHA is without knowledge or information sufficient to form the belief of the truth of the allegations contained therein, and therefore denies the same.

15. Responding to Paragraph 15 of Plaintiff's Complaint, UKHA admits the allegations contained therein but states that Plaintiff did not file a Charge against UKHA within 180 days of the alleged violative acts.

## C. BACKGROUND FACTS

16. Responding to Paragraph 16 of Plaintiff's Complaint, UKHA admits that Plaintiff has worked at the hospital since March 1999.

17. Responding to Paragraph 17 of Plaintiff's Complaint, UKHA admits that Plaintiff has worked at the hospital since March 1999.

18. Responding to Paragraph 18 of Plaintiff's Complaint, UKHA admits that, during October 2008, Plaintiff was a Food Service Supervisor.

19. Responding to Paragraph 19 of Plaintiff's Complaint, UKHA admits that, in October 2008, Plaintiff was older than 40 years old.

20. Responding to Paragraph 20 of Plaintiff's Complaint, UKHA admits that, on or about October 24, 2008, Plaintiff took Family and Medical Leave.

21. Responding to Paragraph 21 of Plaintiff's Complaint, UKHA denies the allegations as stated.  UKHA admits that, because Plaintiff was going to be absent on FMLA leave, the Hospital needed a temporary supervisor to oversee the cafeteria.  Accordingly, the Hospital posted a "temporary position."  Further, following Plaintiff's return from Family and Medical Leave, Plaintiff returned to her same supervisor position, at the same pay rate as before, and with the same terms and conditions.

2752590.1

22. Responding to Paragraph 22 of Plaintiff's Complaint, UKHA admits that on January 7, 2009, Plaintiff exhausted her Family and Medical Leave.

23. Responding to Paragraph 23 of Plaintiff's Complaint, UKHA denies the allegations as stated. UKHA admits that it informed Plaintiff her FMLA leave was going to expire on January 7, 2009. Further, UKHA informed Plaintiff that, although her Family and Medical Leave would expire, she would be able to remain on personal leave which did not protect her position as supervisor.

24. Responding to Paragraph 24 of Plaintiff's Complaint, UKHA admits the allegations contained therein.

25. Responding to Paragraph 25 of Plaintiff's Complaint, UKHA denies the allegations contained therein.

26. Responding to Paragraph 26 of Plaintiff's Complaint, UKHA denies the allegations contained therein. UKHA admits that Plaintiff was provided corrective action for substandard job performance such as incorrectly changing the price of an item which would have affected all future offerings of the product and then denying it; and closing a Starbucks for the day when an employee called in sick instead of covering for the position. UKHA also admits Plaintiff received attendance incidents and that Plaintiff's substandard job performance was discussed with her.

**D.  COUNT I – DISABILITY DISCRIMINATION ALLEGATIONS**

27. UKHA incorporates all previous paragraphs of its Answer.

28. Responding to Paragraph 28 of Plaintiff's Complaint, UKHA denies the allegations therein.

29. Responding to Paragraph 29 of Plaintiff's Complaint, UKHA denies the allegations therein.

30. Responding to Paragraph 30 of Plaintiff's Complaint, UKHA denies the allegations therein.

31. Responding to Paragraph 31 of Plaintiff's Complaint, UKHA denies the allegations therein.

32. Responding to Paragraph 32 of Plaintiff's Complaint, UKHA denies the allegations therein.

### E.  AGE DISCRIMINATION ALLEGATIONS

33. UKHA incorporates all previous paragraphs of its Answer.

34. Responding to Paragraph 34 of Plaintiff's Complaint, UKHA denies the allegations therein.

35. Responding to Paragraph 35 of Plaintiff's Complaint, UKHA denies the allegations therein.

36. Responding to Paragraph 36 of Plaintiff's Complaint, UKHA denies the allegations therein.

37. Responding to Paragraph 37 of Plaintiff's Complaint, UKHA denies the allegations therein.

38. Responding to Paragraph 38 of Plaintiff's Complaint, UKHA denies the allegations therein.

### GENERAL DENIAL

UKHA denies all allegations not specifically admitted above.

### PRAYER FOR RELIEF

Wherefore, UKHA denies that Plaintiff is entitled to any relief whatsoever from UKHA in this matter.  UKHA respectfully requests that this Court dismiss Plaintiff's Complaint with

prejudice, award UKHA its reasonable attorney's fees and costs to the extent allowed by law, and grant UKHA all other relief as is just and proper.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Upon information and belief, Plaintiff has failed to mitigate her damages.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Any employment decisions with respect to Plaintiff were made for legitimate and non-discriminatory reasons.

4. Plaintiff was not a qualified individual with a disability.

5. Plaintiff failed to exhaust her administrative remedies against UKHA.

6. UKHA reserves the right to add additional defenses as discovery proceeds.

Respectfully submitted,

POLSINELLI SHUGHART PC

By: _/s/ Eric E. Packel_
ERIC E. PACKEL (#23070)
HOLLY M. PERKINS (#23959)
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, MO 64105
(816) 421-3355
Fax No. (816) 374-0509
epackel@polsinelli.com
hperkins@polsinelli.com

ATTORNEYS FOR DEFENDANT

6

2752590.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ronald E. Sandhaus
Sandhaus & Mandelbaum, LLC
4601 College Blvd., Suite 170
Leawood, KS  66211

*/s/ Eric E. Packel*